UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TOKYO GATSON,

                      Plaintiff,                              **TRANSFER ORDER**

        -against-                                        15-CV-03795 (JMA) (ARL)

BERGEN COUNTY PROSECUTOR'S OFFICE;
Bergen County Prosecutor's Office Detective
MICHAEL FALOTICO; Bergen County Prosecutor's
Office Detective KEITH SORIANO; Bergen County
Prosecutor's Office Sergeant GEORGE SERRANO;
Bergen County Prosecutor's Office Detective JAMES
ECKERT; Bergen County Prosecutor's Office Detective
MIN PAIK; Bergen County Prosecutor's Office MR.
JOHN L. MOLINELLI; Bergen County Superior
Court Judge HONORABLE LILIANA A. DEAVILA-
SILEBI, PJ. CR.; Bergen County Superior Court Judge
EDWARD A. JEREJIAN, J.S.C.; COUNTY OF
BERGEN,

                      Defendants.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On June 24, 2015, *pro se* plaintiff Tokyo Gatson ("plaintiff"), who is presently incarcerated at the Essex County Correctional Facility ("Essex") located in Newark, New Jersey filed the instant *pro se* complaint alleging violations of his civil and constitutional rights against the Bergen County Prosecutor's Office, Bergen County Prosecutor's Office Detective Michael Falotico, Bergen County Prosecutor's Office Detective Keith Soriano, Bergen County Prosecutor's Office Sergeant George Serrano, Bergen County Prosecutor's Office Detective James Eckert, Bergen County Prosecutor's Office Detective Min Paik, Bergen County Prosecutor's Office Mr. John L. Molinelli, Bergen County Superior Court Judge Honorable Liliana A. DeaVila-Silebi, PJ. CR., Bergen County Superior Court Edward A. Jerejian, J.S.C., and the County of Bergen (collectively, "defendants") together with an application to proceed *in*

*forma pauperis*.  Plaintiff seeks to challenge, *inter alia*, the alleged unlawful "search and seizure of plaintiff's historical cell tower records."  *See* Compl. at 2.  Plaintiff alleges that at all times relevant to his complaint, he was a resident of Georgia and that all of the defendants were located in New Jersey.  *Id*. at ¶¶ 5−9.

      Under 28 U.S.C. § 1391(b), a civil rights action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

      Because plaintiff does not allege that any defendant resides in the Eastern District of New York and a substantial part of the events giving rise to plaintiff's claim allegedly occurred in Bergen County, New Jersey, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b); 1406(a).  No summons shall issue from this Court and a ruling on Plaintiff's application to proceed *in forma pauperis* is reserved for the transferee Court.

**SO ORDERED.**

Dated: October 23, 2015
       Central Islip, New York

                                                                                        /s/
                                                     Joan M. Azrack, U.S.D.J.