**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TOKYO GATSON, | : | |
| Plaintiff, | : | Civil Action No. 15-7671 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| BERGEN COUNTY PROSECUTOR'S OFFICE, et al., | : | |
| Defendants. | : | |

**CECCHI, District Judge.**

Plaintiff Tokyo Gatson, a prisoner currently confined at the Essex County Correctional Facility in Newark, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Plaintiff's initial IFP application, due to his failure to submit a proper six-month account statement. (*See* ECF No. 10.) Presently before the Court is Plaintiff's second IFP application, with a six-month account statement attached. (ECF No. 13.)

Because the Complaint was filed on June 24, 2015, (*see* ECF No. 1), under the IFP statute, the proper six-month account statement should have been for the period between December 24, 2014 and June 24, 2015. *See* 28 U.S.C. § 1915(a)(2) (a prisoner seeking IFP status shall "submit a certified copy of the trust fund statement . . . for the prisoner for the 6-month period *immediately preceding the filing of the complaint*") (emphasis added). As such, Plaintiff's submitted account statement, covering the period between August 28, 2015 and February 4, 2016, is technically non-compliant with the statute. Nevertheless, regardless of the procedural defects, the account

statement shows that in the six-month period addressed by the statement, Plaintiff received an income of $1,731.75. This amounts to an income of $288.63 per month.

In *Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013), the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was provided, by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'" *Id.* Here, Plaintiff's income is almost three times the $95/month threshold established in *Shahin*, and Plaintiff is also similarly situated in that he has his food, clothing, shelter, and medical expenses paid for by the prison. Like the plaintiff in *Shahin*, Plaintiff may have to save up for two or three months in order to pay the filing fee, but such requirement "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124.

IT IS therefore on this ____4____ day of ____May____, 2016,

ORDERED Plaintiff's request to proceed *in forma pauperis*, ECF No. 13, is hereby **DENIED**; it is further

ORDERED the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint; it is further

ORDERED if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, within ninety (90) days of the date of entry of this Order; Plaintiff's writing shall include the $400 fee—the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**SO ORDERED.**

_____
Claire C. Cecchi, U.S.D.J.